2024 IL App (2d) 230564-U
No. 2-23-0564
Order filed February 22, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2626 |
| ARNOLDO CEPEDA, | ) ) ) | Honorable Salvatore LoPiccolo Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in granting the State's petition to deny defendant pretrial release, based on its finding that clear and convincing evidence existed that showed defendant had a high likelihood of willful flight. Affirmed.

¶ 2    Defendant, Arnoldo Cepeda, appeals from the denial of his pretrial release pursuant to

Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act

(Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act);

_____

[1]The Act is also commonly known as the Safety, Accountability, Fairness and Equity-

*Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Specifically, defendant contends that the circuit court erred, where it found that defendant posed a real and present threat to the safety of the community without considering the individualized facts of defendant's case, and that the State failed to prove by clear and convincing evidence that defendant presented a highly likelihood of willful flight. Because we conclude that the circuit court did not abuse its discretion in finding that defendant posed a high risk of willful flight, we will not address defendant's remaining contention of error.

¶ 3                                            I. BACKGROUND

¶ 4      Defendant was charged on December 6, 2023, with one count of manufacturing or delivering a controlled substance, Class X, (720 ILCS 570/401(a)(2)(D) (West 2022)), and one count of possession of a controlled substance, Class 1 (*id.* § 403(a)(2)(D)).

¶ 5      That same day, this case came before the court and the State filed a verified petition for detention pursuant to sections 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The State alleged that defendant was charged with a detainable offense, his pretrial release posed a real and present threat to the safety of any person or the community, and he had a high likelihood of willful flight. *Id.* §§ 110-6.1(a)(1), (8). It further asserted that defendant's criminal history included convictions for attempt burglary in case No. 97-CF-2399, aggravated battery with a firearm and armed violence in case No. 98-CF-1244, unlawful delivery of a controlled substance in a school or park in case No. 08-CF-1018, and a federal conviction for delivery of cocaine in 2012.

_____

Today (SAFE-T) Act.

¶ 6    A hearing was held, and the court found probable cause for defendant's arrest. The court also heard argument on the State's petition. The State noted that defendant was charged with a detainable offense and that it was proceeding under both the Act's dangerousness and willful-flight prongs. Upon the State's request, the court admitted into evidence two police synopses—one from defendant's case and another from a related investigation against another defendant. The State argued that the synopses supported its argument that defendant was both a danger to the safety of the community and had a high likelihood of willful flight.

¶ 7    Specifically, the synopses related that a search warrant was executed at 411 S. Ohio Street in Aurora. Defendant was discovered in a bedroom at this residence, wherein police found 1181.6 grams of a white powdery substance that tested positive for cocaine, he also had 0.51 grams of a substance in his pocket which tested positive for cocaine. Also, in the bedroom, there were three functioning scales, five suspected ledgers, and two boxes containing plastic sandwich bags. Defendant had mail and belongings in the bedroom where he was found. He also admitted to police that it was his bedroom and that he used and sold cocaine. Defendant stated that he had been "fronted" a large amount of cocaine to sell a few days prior to his arrest and, a few days after his arrest, he and his family were planning to join his father, who had already departed, in Mexico.

¶ 8    As to the willful-flight prong, the State asserted that the severity of defendant's potential penalties, combined with his statements to police that he was planning on leaving the country with his family to join his father in Mexico, showed a high likelihood of willful flight to avoid prosecution. In response, defense counsel asserted that defendant had no intention of going to Mexico, he was a long-time resident of Kane County, has several medical conditions, was working to gain custody of his five-year-old child, and his public safety assessment listed his risk of failing to appear as a two out of six. Moreover, counsel asserted that there was no context surrounding,

or body-cam footage depicting, how Mexico was brought up to police, thus, the court should "take that portion of this with a grain of salt."

¶ 9    Based on the proffered evidence, the circuit court ordered that defendant remain in pretrial detention. The court noted that defendant was charged with a detainable offense and the State proved by clear and convincing evidence that the proof was evident and presumption great that defendant committed the charged offenses, especially considering defendant's admissions. Additionally, the court found that the State proved by clear and convincing evidence that defendant had a high likelihood of willful flight, not only due to his comments about Mexico, but, specifically, because he was joining his father there. The court concluded that joining one's family in another country showed an intent to leave and not return. Moreover, the court determined that there was clear and convincing evidence that no condition or combination of conditions would mitigate defendant's risk of willful flight because, short of detention, there was no way to prevent defendant from leaving the country, as electronic home monitoring does not prevent a person from leaving Illinois through any means of transportation; it only tracks a defendant's location. The circuit court also issued a written order on December 6, 2023, memorializing its findings.

¶ 10    Thereafter, defendant timely appealed, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023). On January 19, 2024, he filed a memorandum in support of his appeal, and, on February 14, 2024, the State responded.

¶ 11                                    II. ANALYSIS

¶ 12    To begin, defendant contends that review here should be *de novo* because the circuit court did not hear live testimony, reviewed only documentary evidence, and was not faced with gauging the credibility or demeanor of witnesses. We reject defendant's argument.

¶ 13    The Act requires the circuit court to make significant evidentiary findings of fact that must be proven by clear and convincing evidence. See 725 ILCS 5/110-6.1(e) (West 2022) (stating the prerequisites for detention). Considering the factual determinations the court must make, balanced with the requirement that the detention prerequisites be proven by clear and convincing evidence, we have found that this scenario is like the findings made in termination-of-parental-rights cases, which we review under the manifest-weight-of-the-evidence standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13 (citing *In re C.N.*, 196 Ill. 2d 181, 208 (2001)). This is unlike defendant's comparison to first- or second-stage postconviction proceedings or civil cases where the burden of proof is lower. Accordingly, we continue to review whether the circuit court's findings were against the manifest weight of the evidence. A finding is against the manifest weight of the evidence when it is unreasonable. *Trottier*, 2023 IL App (2d) 230317, ¶ 13.

¶ 14    While factual findings regarding the detention prerequisites are reviewed under the manifest-weight-of-the-evidence standard, we review the ultimate judgment, either ordering detention or release, with or without conditions, for an abuse of discretion. *Id.* A more deferential standard is used here because it is consistent with section 110-6.1(f)(7)'s language, which allows the court to make an individualized judgment call, not based on any singular factor, concerning whether detention or pretrial release should be ordered after the prerequisites to detention have been satisfied. 725 ILCS 5/110-6.1(f)(7) (West 2022). These determinations are left to the sound discretion of the circuit court, and, thus, are properly reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only when the circuit court's decision is arbitrary, fanciful, or unreasonable. *Id.*

¶ 15    Turning to the merits, defendant requests that we vacate the circuit court's detention and remand for a new hearing, because (1) the circuit court failed to give individualized consideration

to the facts of defendant's case in finding that he posed a real and present threat to the safety of the community, and (2) the State failed to prove defendant presented a high likelihood of willful flight, where the proffered evidence was not subjected to adversarial testing. We reject defendant's argument that the circuit court abused its discretion in finding that defendant posed a high risk of willful flight. Accordingly, we will not address defendant's remaining argument.

¶ 16    The Act amended the Code by abolishing traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Section 110-6.1(e) of the Code presumes that all persons charged with an offense are eligible for pretrial release. *Id.* §§ 110-2(a), 110-6.1(e). However, a defendant's pretrial release may be denied in certain statutorily limited situations (qualifying offenses). *Id.*

¶ 17    Upon filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that: the proof is evident or the presumption great that the defendant committed a detainable offense, that the defendant's pretrial release poses a flight risk, and that less restrictive conditions would not prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f).

¶ 18    Here, the State presented police synopses that stated that defendant planned to leave Illinois with his family to join his father, who had already left, in Mexico. Defendant intended to leave for Mexico in a few days, had he not been arrested. The court explicitly considered section 110-1, stating that, "willful flight means intentional conduct with a purpose to thwart the judicial process to avoid prosecution." *Id.* § 110-1(f). The court found significant that defendant told police not just that he was going to Mexico, but that he was joining his father who was already there. This statement, the court concluded, was not just a "willy-nilly statement"; instead, it showed an intent

to permanently move to Mexico. Based on this, the court reasonably found that there was clear and convincing evidence of willful flight.

¶ 19    We reject defendant's contention that his statements in the police synopses were insufficient to establish that he had a high likelihood of willful flight. Although the Act requires proof by clear and convincing evidence, it also plainly states that the State "may present evidence at the hearing by way of proffer based on reliable information." *Id.* § 110-6.1(f)(2). We have previously held that a police synopsis alone may be sufficient to sustain the State's burden. See, *e.g.*, *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24. Additionally, the fact that the statements contained in the police synopsis have not yet been subjected to admission under the Illinois Rules of Evidence or to adversarial testing is not fatal, as the strict rules regarding the admission, presentation, and consideration of evidence do not apply to pretrial release hearings. 725 ILCS 5/110-6.1(f)(5) (West 2022).

¶ 20    Moreover, defendant's contention on appeal that the court should have considered his statements "with a grain of salt" because of an improper interrogation or improper warrant are forfeited. *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 28; see also 725 ILCS 5/110-6.1(f)(6) (noting that evidence stemming from an improper warrant or interrogation is relevant to assessing the weight of evidence against defendant). Defense counsel did not address the propriety of the warrant or defendant's statements in the circuit court. Instead, counsel merely argued that there was likely additional context surrounding defendant's statements, which was not apparent from the police synopses but would likely become apparent after viewing any video footage. Addressing the legality of a warrant or defendant's statements is not akin to reviewing additional evidence for understanding or context. Because the propriety of the warrant or interrogation were not first raised in the circuit court, this issue is forfeited. *People v. Hayes*, 319 Ill. App. 3d 810,

818-19 (2001) (noting that an objection on specific grounds forfeits assignments of error on other grounds not specified with sufficient clarity).

¶ 21 Thus, considering the standard of review and the unrebutted evidence that defendant made statements indicating that he was leaving Illinois with his family to join his father in Mexico, we find the court's factual finding that the State presented clear and convincing evidence of willful flight was not against the manifest weight of the evidence. Moreover, the court's ultimate determination denying pretrial release was not unreasonable and, thus, not an abuse of discretion. However, if new evidence comes to light, which provides context to defendant's statements to police, then he is free to address this issue at any subsequent hearing where the circuit court must consider whether continued detention is necessary to prevent defendant's willful flight. See 725 ILCS 5/110-6.1(i-5) (West 2022) (noting that at each subsequent appearance of defendant before the court, a judge must make findings that continued detention is necessary).

¶ 22 III. CONCLUSION

¶ 23 For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 24 Affirmed.